UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Raul JIMENEZ–LOPEZ,
Defendant–Appellant.

No. 09–50156.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed March 6, 2010.

U.S. Attorney CR, Esquire, Rebekah Young, Assistant U.S., Office of the U.S.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle Betancourt, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jose Raul Jimenez–Lopez appeals from the 52–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Jimenez–Lopez contends that the district court erred when it applied a 16–level enhancement, pursuant to U.S.S.G. § 2L1.2, because his prior conviction for lewd or lascivious acts with a child under 14 years of age, in violation of Cal.Penal Code § 288(a), does not qualify as a crime of violence. He contends that *Estrada–Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir.2008) (en banc), overruled *United States v. Baron–Medina*, 187 F.3d 1144 (9th Cir.1999), and *United States v. Medina–Maella*, 351 F.3d 944 (9th Cir.2003). This contention is foreclosed by *United States v. Medina–Villa*, 567 F.3d 507, 511–16 (9th Cir.2009).

Jimenez–Lopez contends that *Nijhawan v. Holder*, —— U.S. ——, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), effectively overruled *Medina–Villa*. This contention fails. *See Nijhawan*, 129 S.Ct. at 2300.

Finally, Jimenez–Lopez's contention that we must call for en banc review based on a conflict between *Estrada–Espinoza* and *Medina–Villa* is without merit. *See Pelayo–Garcia v. Holder*, 589 F.3d 1010, 1013–1016 (9th Cir.2009) (recognizing that *Estrada–Espinoza* and *Medina–Villa* set out "two different generic federal definitions of 'sexual abuse of a minor'" and looking to both definitions to determine whether a conviction under Cal.Penal Code § 261.5(d) qualifies as the generic federal crime of "sexual abuse of a minor," under the categorical approach).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

